UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------

VLADIMIR DOBROSMYLOV,

Plaintiff,

-v-

DESALES MEDIA GROUP, INC., the
ROMAN CATHOLIC DIOCESE OF
BROOKLYN, and MONSIGNOR KIERAN
HARRINGTON,

Defendants.

------------------------------------------------------

Civil Action No. 1:19-cv- 05122 (BMC)


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO
PLAINTIFF'S REQUEST FOR PARTIAL SUMMARY JUDGMENT**


HUGHES HUBBARD & REED LLP
Ned H. Bassen
Miles Orton
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Defendant DeSales Media
Group, Inc.*

## <u>TABLE OF CONTENTS</u>

**Page**

I.   DEFENDANT DESALES IS ENTITLED TO SUMMARY JUDGMENT ON
     PLAINTIFF'S OVERTIME CLAIM. ............................................................. 1

     A.   No Genuine Issue of Material Fact Exists as to Plaintiff's Status as a Creative
          Professional. ..................................................................................... 2

     B.   Plaintiff's Opposition Is about Irrelevant Non-Primary Duties. ........................... 4

     C.   Plaintiff Introduces and Seeks to Rely on an Incomplete And
          Mischaracterized Factual Record. ......................................................... 5

     D.   Some of Plaintiff's New Statements are Undisputed and Demonstrate the
          Creative Nature of His Duties. ............................................................. 8

     D.   The Caselaw Relied on By Plaintiff is Unavailing. ............................................... 9

II.  DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON
     PLAINTIFF'S WAGE STATEMENT REQUIREMENT CLAIM. ............................... 10

CONCLUSION ................................................................................................... 10

97149017_7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Clougher v. Home Depot U.S.A., Inc.,* 696 F. Supp. 2d 285 (E.D.N.Y. 2010)............................ 13

*Indergit v. Rite Aid Corp.,* No. 08 CIV. 11364 (PPG), 2010 WL 1327242
(S.D.N.Y. Mar. 31, 2010) ..................................................................................... 13

*Kadden v. VisuaLex, LLC*, 910 F. Supp. 2d 523 (S.D.N.Y. 2012)................................ 13

*Seok Hwi Cha v. YP's Kani, Inc.*, 317 F. Supp. 3d 1215 (N.D.Ga.2018) .................................. 13

**Statutes and Rules**

FLSA ..................................................................................................................8, 14

Local Civil Rule 56.1 ........................................................................................... 7

NY Labor Law ................................................................................................... 14

**Regulations**

29 C.F.R. § 541.302 (2019) ..............................................................................8, 13

29 C.F.R. § 541.700 (2019) ............................................................................... 8

Defining and Delimiting the Exemptions for Executive, Administrative, Professional,
Outside Sales and Computer Employees, 69 Fed. Reg. 22122 (Apr. 23, 2004).................... 13

Defendant DeSales Media Group, Inc. ("Defendant DeSales") respectfully submits this reply memorandum of law in further support of its motion for summary judgment (ECF Nos. 31-34) and in opposition to Plaintiff's request for partial summary judgment. Plaintiff's papers (ECF Nos. 35-37) fail to raise any genuine dispute of material fact to defeat Defendant DeSales' summary judgment motion. Plaintiff has admitted that Defendant DeSales' Statement of Undisputed Facts are largely correct[1] and does not argue that these facts fail to make the case that Plaintiff's job qualified for the overtime creative professional exemption. Rather, Plaintiff simply ignores the creative professional facts as if they do not exist and focuses only on the parts of his job that were non-creative. Plaintiff asserts that up to 40 percent of his job was non-creative. There is no dispute as to that. Nor does there need to be one for Defendant DeSales to be entitled to summary judgment. The requirement for the overtime exemption is that Plaintiff's primary duty was as a creative professional. Given that 60 percent of his job were creative professional duties, Defendant DeSales properly classified Plaintiff as exempt from overtime and respectfully submits that this Court ought to grant Defendant DeSales summary judgment herein and deny Plaintiff's motion for partial summary judgment.

I.    **DEFENDANT DESALES IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S OVERTIME CLAIM.**

Defendant Desales is entitled to summary judgment on Plaintiff's overtime claim because Plaintiff has not raised a genuine issue of material fact as to Defendant DeSales having classified him as a creative professional exempt from overtime. Indeed, Plaintiff has admitted that Defendant DeSales' Statement of Undisputed Facts are largely correct. These undisputed facts establish that Plaintiff's primary duty was as a creative professional. Plaintiff's opposition does

---

[1]    Plaintiff would be hard pressed not to so admit given that DeSales' undisputed facts are based on Plaintiff's own deposition testimony and contemporaneous documents.

nothing other than argue about the minority of Plaintiff's non-creative job duties. These are irrelevant given that Plaintiff has admitted that Plaintiff's non-creative job duties constituted no more than up to 40 percent of Plaintiff's job.

### A. No Genuine Issue of Material Fact Exists as to Plaintiff's Status as a Creative Professional.

The concededly undisputed facts established that Defendant DeSales properly classified Plaintiff's job as exempt as a creative professional because Plaintiff's primary job duty required invention, imagination, originality, and talent in video editing and graphic arts.

Plaintiff admits—as he must, because it comes from his own deposition testimony and contemporaneous documents—that his job duties as Lead Video Editor and Graphic Artist required Plaintiff to set the overall stylistic standard for the Currents News program, create original graphics, fix errors and fill in gaps in a very short period of time to create a 25 minute program. Unlike a larger news operation, Plaintiff exercised these job duties on a constant basis because, as Plaintiff testified at deposition, the recording of Currents News was never smooth, and accordingly, as he also admitted at deposition, Plaintiff's work was "vital" to the appearance and substance of Currents News. (Pl.'s Rule 56.1 Counterstatement of Undisputed Material Facts ("Pl.'s Counterstatement") ¶¶ 17, 18, 24, ECF No. 39.) Thus, Plaintiff's primary job duty required invention, imagination, originality, and talent in graphic arts and video editing. His job duty, as Plaintiff admitted at deposition, was to edit—fixing errors and gaps, creating words, changing and adding information, and weaving video pieces together with original graphics that he created, in an error free and seamless way, all in a very short period of time. Plaintiff concedes that his job duties also included responsibility for developing an overall product standard for the news program and ensuring that the news programs were always consistent in

3

style, timing and quality, given input from different reporters and other video news sources.[2]  (*Id.* ¶¶ 15, 17, 25.)  Plaintiff's job duties made him responsible for the overall look of the production of video and graphic elements that went into the newscast each day.

Plaintiff also concedes, as he must, that in addition to his pre-production, production, and post-production efforts on Currents, Plaintiff participated in the story-development stage. He admitted in his deposition that his job duties included pitching stories for Currents News drawing from his own life experiences and sharing ideas during the morning team meeting. (*Id.* ¶ 26.) Plaintiff's job duties also extended to promotions for Defendant DeSales' weekly newspaper, "The Tablet," which Plaintiff was responsible for designing and creating a 30-second promotion for each week. (*Id.* ¶¶ 29-30.)  Plaintiff created the graphics and animations for the weekly promotion, combining voiceover pieces and pages into a unified and finished product. (*Id.* ¶¶ 30-31.)

As mentioned, Plaintiff has admitted that Defendant DeSales' Statement of Undisputed Facts are indeed largely undisputed. (Pl.'s Mem. in Opp. to Desales' Mot. and in Support of Pl.'s Request for Summary Judgement Under Rule 56(f)(1) ("Opp."), 2, ECF No. 35.)  Plaintiffs' Counterstatement explicitly admits most of DeSales' facts as undisputed, and with respect to the handful of facts Plaintiff only partially admits, Plaintiff's purported denials are generally grounded in picayune semantics, rather than substantive disagreements with the record facts. (*See* Def. DeSales' Reply to Pl.'s Local Civil Rule 56.1 Counter-Statement of Undisputed

---

[2]   Plaintiff admits the relevant undisputed facts regarding Plaintiff setting the stylistic standard, but inexplicably and falsely states in a footnote appended to a sentence on a completely different topic: "Moreover, Defendants in their moving papers do not argue that [Plaintiff being tasked with drafting a style guide] was a creative task for purposes of the exemption." (Opp., 6, n2.)  This is simply untrue.

Material Facts and Response to Pl.'s Statement of Additional Material Facts ("Def. DeSales'

Counterstatement") 15, 23, 25, 28, 31.)

Instead of trying to explain away Defendant DeSales' largely undisputed facts, Plaintiff

simply ignores them. Rather, Plaintiff has added 66 additional material facts that fall into two

categories. First, they relate to the non-primary portion of Plaintiff's job duties—the non-creative

portion—and thus are not material. Indeed, they are not even relevant because Plaintiff has

admitted that they comprised at most 40 percent of his job. Second, some of Plaintiff's additional

facts do relate to Plaintiff's primary duty and, if anything, actually show that Defendant DeSales

properly classified Plaintiff as an exempt creative professional employee. Moreover, Plaintiff

introduces and seeks to rely on an incomplete and mischaracterized factual record, cherry-

picking and misrepresenting select portions of deposition answers without providing the full

answer.

**B.      Plaintiff's Opposition Is about Irrelevant Non-Primary Duties.**

First, Plaintiff spends considerable time in his Opposition and Counterstatement

discussing duties that admittedly occupied the minority of Plaintiff's time. (*See*, *e.g.*, Opp., 2 ("It

is undisputed that 30-40% of Plaintiff's time working for DeSales as a video editor was spent on

work such as downloading videos, filling out forms, and keeping track of things.").) Whether or

not an employee qualifies as a creative professional under the FLSA, however depends on his or

her "primary duty." 29 C.F.R. § 541.302(a) (2019). "Primary duty," for purposes of FLSA

exemptions means

> the principal, main, major or most important duty that the
> employee performs. Determination of an employee's primary duty
> must be based on all the facts in a particular case, with the major
> emphasis on the character of the employee's job as a whole.
> Factors to consider when determining the primary duty of an
> employee include, but are not limited to, the relative importance of
> the exempt duties as compared with other types of duties; the

> amount of time spent performing exempt work; the employee's
> relative freedom from direct supervision; and the relationship
> between the employee's salary and the wages paid to other
> employees for the kind of nonexempt work performed by the
> employee.

29 C.F.R. § 541.700(a) (2019).

Plaintiff's reliance on the portions of his duties to which he devoted the minority of his

time is thus misplaced. The relevant standard for establishing that Plaintiff was a creative

professional under the FLSA is his primary duty. Because Plaintiff has admitted that Defendant

DeSales' Undisputed Statement of Facts—detailing the creative aspects occupying the majority

of his job—are largely undisputed, his focus on tasks that occupied the minority of his job are

simply irrelevant to Defendant DeSales' motion for summary judgment.

### C.     Plaintiff Introduces and Seeks to Rely on an Incomplete And Mischaracterized Factual Record.

Plaintiff's Opposition takes pains to ignore or mischaracterize aspects of the factual

record that clearly demonstrates the creative nature of Plaintiff's job as Lead Video Editor and

Graphic Designer.

As an illustrative example, among the "Statements of Additional Material Fact" Plaintiff

introduces and relies on, he cites to deposition testimony by Vito Formica, DeSales' Executive

Director of News, Content & Development, pursuant to which Formica testified that 30 to 40%

of Plaintiff's time working for DeSales was spent "downloading videos, filling out forms, and

keeping track of things," and that Formica did not view these as "creative" tasks. (Pl.'s

Counterstatement ¶¶ 37-38.)  Plaintiff distorts the record with respect to Formica's testimony

about the other 70 to 60% of Plaintiff's time, characterizing this in his Counterstatement as

"Sixty to seventy percent of Plaintiff's time working for Currents News was spent editing videos,

creating graphics, pitching stories, creating a style guide, and ensuring the Currents News

program met DeSale's [sic] production standard." (Pl.'s Counterstatement ¶ 39 (citing Formica

Tr. at 153:5-15).) Plaintiff's statement and citation omits the key portion of this exchange,

including the question preceding this exchange, pursuant to which Formica testified that he

viewed 60 to 70% of Plaintiffs' job as <u>creative</u>:

> 17 Q Now, in the course of your
> 18 testimony you have mentioned various
> 19 creative aspects of Vlad's job. Tell us
> 20 what percentage of his job included
> 21 creative duties.
> 22 A I would say between 60 and 70
> 23 percent.
> ….
> 23 Q So before we took a break,
> 24 Mr. Bassen asked you what percentage of
> 25 Vlad's work you considered creative. I
> 2 believe your response was 60 to 70
> 3 percent. Is that accurate?
> 4 A Yes.
> 5 Q Well, creative is a descriptive
> 6 term. What are you describing when you
> 7 say -- what do you mean by 60 or 70
> 5 Q Well, creative is a descriptive
> 6 term. What are you describing when you
> 7 say -- what do you mean by 60 or 70
> 8 percent of his work was creative?
> 9 A Pitching stories, using the
> 10 tools that he's been trained on to create
> 11 unique graphics, the video that he is in
> 12 charge of not only editing but making sure
> 13 it meets the standards, creating the style
> 14 guide, and I am not sure if I said this
> 15 already, but pitching stories as well.

(Bassen Supplemental Decl., Ex. 13 (Formica Tr. at 151:17-23; 152:23-153:15).)  Plaintiff is thus

cherry-picking the portion of Formica's answer that he wishes to rely on, concealing and

ignoring the full answer, pursuant to which Formica's testimony—consistent with Plaintiff's own

testimony and contemporaneous documents, as detailed in Defendant DeSales' motion for

summary judgment—confirms that the majority of Plaintiff's time was spent on creative duties.

In another example, Plaintiff attempts to bring his own importance in creating the Tablet Promo into question by offering as undisputed the statement that "[t]he Table [sic] Promo could not be created without the input of Mike Pell, and was not created when Mike Pell was unavailable to assist Plaintiff." (Pl.'s Counterstatement ¶ 96.) In the email Plaintiff cites to, however, Cedric Chen writes "<u>Vladimir produces the Tablet promo</u> (we do not produce it when <u>either he is on vacation – or Mike Pell is unavailable</u>)." (*Id*. (citing DiGiulio Decl., Ex. F) (emphasis added).)  Plaintiff attempts to rely on the document to establish the importance of Pell to the Tablet promo, without any acknowledgment of Plaintiff's equal or greater importance as the actual producer of the promo, notwithstanding the plain language of the document.

In other portions of the Counterstatement, Plaintiff attempts to mischaracterize the record by literally putting words into the mouth of DeSales. For example, in his Counterstatement, Plaintiff takes pains to characterize Plaintiff's role in creating the DeSales style guide as "memorializ[ation]." (Def. Desales' Counterstatement ¶¶ 75-76.)  In the three sections of the Formica transcript that Plaintiff cites for this characterization, Formica consistently states that Plaintiff was responsible for <u>creating</u> and did in fact <u>create</u> a style guide for DeSales Media Group style guide. (DiGiulio Decl., Ex.A (Formica Tr. at 63:5-14, 64:7-16, 155:4-156:6).) The only use of the word "memorialize" during deposition came from Plaintiff's counsel, and was not repeated, and instead refuted by Formica on behalf of DeSales. In Formica's words, Plaintiff's work on the style guide was intended "to clarify[] certain things that were already being put to use by the department" as well as "create[] some new styles for categories that were not mentioned in previous discussions with the group."  (Bassen Supplemental Decl., Ex. 13 (Formica Tr. at 156:7-157:10).) Plaintiff's reduction of "creation" to "memorialization" is a blatant attempt to mischaracterize the creative nature of this duty.

Plaintiff also attempts to use a deceptive and disingenuous negative inference to further diminish Plaintiff's creative role. In his Opposition, Plaintiff asserts that he was not responsible for creating or reporting stories. (Opp. at 16 (citing Pl.'s Counterstatement ¶¶ 79-86).)  The only one of these paragraphs applicable to the creation or reporting of stories is the statement that "DeSales employs reporters that were [sic] responsible for creating news stories and news content for Currents News."  (Pl.'s Counterstatement ¶ 86.)  Plaintiff cites as a basis for this statement three sections of the Formica transcript, <u>none</u> of which state, as Plaintiff does in his Opposition, that Plaintiff was not responsible for creating or reporting stories. (*See id*. (citing (DiGiulio Decl., Ex. A (Formica Tr. at 14:10-15:21, 73:18-74:7, 110:17-21).)  As noted above, the facts demonstrating Plaintiff's creative contributions to the Currents News program are largely undisputed.

### D.       Some of Plaintiff's New Statements are Undisputed and Demonstrate the Creative Nature of His Duties.

Despite Plaintiff's widespread reliance on irrelevant portions of the record and efforts to mischaracterize it, some of his new proposed undisputed statements properly focus on his primary creative duties and correctly add detail to the creative nature of Plaintiff's role. Defendant DeSales admits these as undisputed and they in fact support its determination that Plaintiff was a creative professional, and thus support Defendant DeSales' Motion for Summary Judgment.

This includes, for example, the statement that Plaintiff's duty when ensuring that the Currents News show met DeSales' production standards entailed monitoring the video content that was submitted by other Currents News staff members or that was taken from other video news sources to ensure it had a consistent look and feel, as well as other statements regarding Plaintiff's responsibility for creating a consistent look and feel of Currents video content

generally and also of the Tablet promo specifically. (Def. DeSales' Counterstatement ¶¶ 44, 74, 76, 90.) "Look and feel" is a description of style, tone, and substance.

Moreover, even as Plaintiff attempts to diminish his own importance to the creation of the look and feel of the Currents News content by attempt to replace the word "create" with "memorialize," as described above, Plaintiff admits that he was tasked with that very job, when he discusses his work in <u>creating</u> a style guide. (*See* Def. DeSales' Counterstatement ¶¶ 75-77.)

### D.     The Caselaw Relied on By Plaintiff is Unavailing.

Plaintiff seeks to rely on inapposite caselaw. As previously noted, determination of an employee's "primary duty" is a "highly fact-intensive inquiry that is to be made on a case-by-case basis in light of the totality of the circumstances." *Indergit v. Rite Aid Corp.,* No. 08 CIV. 11364 (PPG), 2010 WL 1327242, at *5 (S.D.N.Y. Mar. 31, 2010) (internal quotation marks omitted) (quoting *Clougher v. Home Depot U.S.A., Inc.,* 696 F. Supp. 2d 285, 290 (E.D.N.Y. 2010)); *see also* 29 C.F.R. § 541.302(c) ("Determination of exempt creative professional status, therefore, must be made on a case-by-case basis.").

For example, although Plaintiff claims that the Plaintiff's job duties are similar to the Plaintiff's in *Kadden v. VisuaLex, LLC,* this is belied by a vital part of the court's decision. 910 F. Supp. 2d 523 (S.D.N.Y. 2012). The *Kaden* court explicitly based its decision partly on whether the Plaintiff herself created graphics. *Id.* at 538. The court found that the majority of her time was spent "proofing" and "revising" graphics that other people created, and in the limited instances where Kadden was "creating" graphics, her job was dependent on "intelligence, diligence, and accuracy," rather than imagination or originality. *Id.* at 538-39. The record reflected that the job was "NOT a graphics design position." *Id.* at 538. This obviously contrasts with the present case, in which one of Plaintiff's primary duties was the creation of graphics.

Another case Plaintiff attempts to use to limit the scope of the creative professional exemption, *Seok Hwi Cha v. YP's Kani, Inc.*, is an inappropriate comparison because it rests much of its analysis on an irrelevant Department of Labor interpretation regarding when chefs count as creative professionals. 317 F. Supp. 3d 1215, 1219 (N.D. Ga. 2018) (citing Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22122, 22154 (Apr. 23, 2004).) Chefs and video editors have very different jobs, and the standards applied to one should not be applied haphazardly to another. Instead, as required by the FLSA, determination of exempt creative professional status must be made on a case-by-case basis.

## II.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S WAGE STATEMENT REQUIREMENT CLAIM.

Defendant DeSales is entitled to summary judgment on Plaintiff's Wage Statement Requirement Claim because, as Plaintiff admitted in his pre-motion letter (Pl.'s Pre-Mot. Letter Resp., 2, ECF No. 29) and again admits in his Opposition (Opp., 22), this claim is predicated on finding that Plaintiff was misclassified as an exempt overtime employee.

Defendant DeSales provided Plaintiff with the wage statements that New York law required, using a New York Department of Labor form during the few years when there was an annual requirement, and then continuing to comply when the requirement changed to supplying the information with each payment of wages. This met the relevant NY Labor Law requirements regardless of how Plaintiff was classified for overtime purposes. Accordingly, Defendant DeSales is also entitled to summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, and for those reasons stated in Defendants' opening papers, Defendants respectfully request that the Court grant their motion for summary judgment.

97149017_7

Dated: New York, New York
July 1, 2020

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: */s/ Ned. H. Bassen*
    Ned H. Bassen
    Miles Orton
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Defendant DeSales Media Group, Inc*

97149017_7