## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

VLADIMIR DOBROSMYLOV,

                         Plaintiff,             Civil Action No. 1:19-cv- 05122 (BMC)

         v.

DESALES MEDIA GROUP, INC.,

                     Defendant.

------------------------------------------------------------X

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DESALES' RENEWED
## MOTION FOR SUMMARY JUDGMENT

---

### BECKER & POLIAKOFF LLP
*Attorneys for Defendant*
Ned H. Bassen, Esq.
Sarah Klein, Esq.
45 Broadway, 17th Floor
New York, New York 10006
(212) 599-3322
nbassen@beckerlawyers.com
sklein@beckerlawyers.com

## PRELIMINARY STATEMENT

Defendant DeSales Media Group, Inc. ("Defendant DeSales") respectfully submits this renewed motion for summary judgment in the lawsuit brought by plaintiff Vladimir Dobrosmylov ("Plaintiff Dobrosmylov") regarding the claims that remain in: the First Claim for Relief (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*); Second Claim for Relief (New York State Overtime Violations, N.Y. Lab. L. N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4); and Fourth Claim for Relief (New York Wage Statement Requirements, N.Y. Lab. L. §§ 195, 198).[1]

## STATEMENT OF FACTS

Defendant DeSales respectfully refers this Court to the accompanying affidavit of William Maier and Local Civil Rule 56.1 Statement of Undisputed Material Facts submitted herewith for a full recitation of the remaining relevant facts.

## LEGAL ARGUMENT

### POINT I

### THE FIRST CLAIM FOR RELIEF (FLSA OVERTIME VIOLATIONS, 29 U.S.C. §§ 201 *ET SEQ.*) SHOULD BE DISMISSED BECAUSE DESALES IS NOT AN "ENTERPRISE" COVERED BY THE FLSA

For his First Claim for Relief (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*), Plaintiff Dobrosmylov pled that: (1) he "regularly worked in excess of forty (40) hours per workweek" (ECF No. 1 at ¶ 49); (2) Defendant DeSales "willfully fail[ed] and refus[ed] to pay Plaintiff [Dobrosmylov] one- and one-half times his regularly hourly rate for work in excess of forty (40) hours per workweek even though Plaintiff [Dobrosmylov] had been entitled to overtime" (*Id.* at ¶ 50); and (3) he "seeks damages in the amount of his unpaid overtime compensation,

---

[1] During the April 20, 2021 Court conference, counsel for Defendant DeSales said that assuming *arguendo* Defendant DeSales is covered by the FLSA, its renewed motion for summary judgment would include a good faith defense to liquidated damages based on advice of counsel in classifying Plaintiff Dobrosmylov as exempt from overtime. This renewed motion for summary judgment does not include that defense because of insufficient facts to support it.

liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs" (*Id*. at ¶ 51).

Defendant DeSales' renewed motion for summary judgment as to the First Claim for Relief should be granted because Defendant DeSales is not covered by the FLSA. Specifically, Defendant DeSales is not an enterprise engaged in commerce or in the production of goods for commerce. The FLSA defines "enterprise" as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose…" 29 U.S.C. § 203(r)(1).  This kind of FLSA coverage is referred to as "enterprise" coverage. Plaintiff Dobrosmylov "bears the burden of establishing the jurisdictional prerequisite of … enterprise… coverage." *Locke v. St. Augstines' Episcopal Church*, 690 F.Supp.2d 77, 84 (E.D.N.Y 2010); *see Ares v. Manuel Diaz Farms, Inc.,* 318 F.3d 1054, 1056 (11th Cir. 2003); *Mendoza v. Detail Sols.*, LLC, 911 F. Supp.2d 433, 439 (N.D. Tex. 2012); *Rodriguez v. Shan Namken, Inc.*, 3:15-cv-03370-BK (USDC, ND Tex 1/9/17);[2] *Briggs v. Chesapeake Volunteers in Youth Services*, 68 F. Supp. 2d 711, 714 [?](E.D. Va. 1999). Plaintiff Dobrosmylov cannot meet his burden here.

Procedurally, this Court, rather than a jury, decides the issue of "enterprise" coverage as a matter of law. "Interpretation of the FLSA [presents] a federal question and determines the court's jurisdiction over the current case.'" *Locke*, *supra*, at 84*, see, e.g., Martinez v. Jade Palace,* 2:09-cv-00123-KOB (USDC, ND Ala 1/11/10).[3] Thus, the issue of "enterprise" coverage here is appropriate for disposition by renewed summary judgment.

Substantively, as mentioned, there is no "enterprise" coverage here because Defendant DeSales is not an "enterprise" engaged in commerce or in the production of goods for commerce. This Court's April 1, 2021 Memorandum Decision and Order states "DeSales is a non-profit

---

[2] A true and correct copy of this decision is attached to the Bassen Decl. as Exh. 1.
[3] A true and correct copy of this decision is attached to the Bassen Decl. as Exh. 2.

corporation that published news 'with a Catholic point of view.' It enjoys a close relationship with the Diocese, as the Bishop appoints its officers and members of the board.  Nevertheless, DeSales remains a separate entity, with its own separate group of employees." (ECF No. 49 at 2). The U.S. Supreme Court has recognized that non-profit organizations, such as Defendant DeSales, that do not "engage in ordinary commercial activities" or "serve the general public in competition with ordinary commercial enterprises" operate without a "business purpose" and thus are not enterprises for purposes of the FLSA. *Tony & Susan Alamo Found.*, 471 U.S. 290, 297 (1985). "Numerous courts have held that non-profit agencies are not covered by the FLSA unless it is shown that the nonprofit organization engages in commercial activities in competition with other commercial enterprises." *Briggs*, *supra*, at 714-715. As the Court stated in *Walker v. The Interfaith Nutrition Network, Inc.*, 2:14-cv-05419 (DRH) (GRB), July 14, 2015, at p. 5-6[4]:

> The FLSA defines 'enterprise' as 'the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose. …' 29 U.S.C. § 203(r)(l). 'An organization that performs religious, educational, or charitable activities does not perform these activities for a 'business purpose,' and thus does not constitute an enterprise, unless the activities compete in the marketplace with ordinary commercial enterprises.' *Locke*, 690 F.Supp. 2d at 86-87 (citing *Alamo Found.*, 471 U.S. at 296-97). Moreover, a non-profit organization is not an enterprise merely because it receives income. *See id.*' (quoting Genarie v. PRD Mgmt., 2006 WL 436733, at *8 (D.N.J. Feb. 17, 2016))).

In dismissing the plaintiff's complaint in *Walker*, *supra*, the Court found that the plaintiff's allegations "fail to support a reasonable inference that Defendants competed in the marketplace with ordinary commercial enterprises because the allegations are unsupportable by facts indicating the competitive nature of Defendants' alleged commercial activities." *Id*. at 6.

---

[4] A true and correct copy of this decision is attached to the Bassen Decl. as Exh. 3.

Here, Plaintiff Dobrosmylov's Complaint contains no specific allegations regarding "enterprise" coverage.  His Complaint alleges only that, "Plaintiff was clearly a non-exempt employee covered by the FLSA while working as a video editor on Defendats' news program for the past 11 years." (ECF No. 1 at ¶ 28). Nor does Plaintiff Dobrosmylov's Complaint contain any facts on "enterprise" coverage.  Further, Plaintiff Dobrosmylov adduced no facts in discovery on "enterprise" coverage. His summary judgment brief asserts only that:

> DeSales is a corporation that publishes news and information with a Catholic point of view on various media, including paper, television and the internet…Thus, DeSales is engaged in interstate commerce and is a covered employer under the FLSA.

 (ECF No. 35 at 9 (internal citations omitted)).

In contrast, the affidavit Defendant DeSales submits in support of its renewed motion for summary judgment details the facts showing that Defendant DeSales is a religious non-profit that does not compete in the marketplace with ordinary commercial enterprises. (*See, gen.* Maier Aff.). Thus, there is no genuine dispute as to the fact that Defendant DeSales does not compete in the marketplace with ordinary commercial enterprises and Defendant DeSales is entitled to judgment as a matter of law that it is not an "enterprise" covered by the FLSA.

## POINT II

**THE FIRST CLAIM FOR RELIEF (FLSA OVERTIME VIOLATIONS, 29 U.S.C. §§ 201 *ET SEQ.*) SHOULD BE DISMISSED BECAUSE THERE IS NO FLSA "INDIVIDUAL" COVERAGE HERE**

The other possible basis for FLSA coverage here is so-called "individual" coverage. Even when there is no enterprise coverage, employees are protected by the FLSA if they are "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Here, there has been no allegation of "individual" coverage. Given the Second Circuit's recent decision in *Whiteside v. Hoover-Davis*, *Inc., Universal Instruments Corp.*, No. 20-798 (2d Cir. April 27,

2021)[5] on FLSA pleading requirements, discussed *infra*, no claim for "individual" FLSA coverage could be made here since Plaintiff Dobrosmylov's Complaint contains no such allegation. Plaintiff Dobrosmylov has relied exclusively on "enterprise" coverage. (ECF No. 35 at 9).[6]

## POINT III

**ASSUMING *ARGUENDO* THAT DEFENDNAT DESALES IS COVERED BY THE FLSA, DEFENDANT DESALES DID NOT ACT WILLFULLY AND THE FLSA LIABILITY PERIOD IS FOR TWO RATHER THAN THREE YEARS**

The FLSA provides for liability for two years unless the violation was "willful," in which case liability is for three years. *See* 29 U.S.C. § 255(a). Here, Plaintiff Dobrosmylov cannot meet his burden of proof on willfulness and there is no genuine dispute as to willfulness. Indeed, Plaintiff Dobrosmylov has conceded that Defendant DeSales did not act willfully under the FLSA. (ECF. No. 53 at 6.) Thus, Defendnat DeSales is entitled to judgment as a matter of law that its FLSA overtime liability is for two rather than three years.

"A willful violation occurs where either (1) an employer knows that his business is subject to the FLSA, and the employer's practices do not conform to the FLSA requirements, *e.g., Carls Drug Co., supra,* 703 F.2d at 652, or (2) the employer acts with reckless indifference to the Act, *e.g., Klinghoffer, supra,* 285 F.2d at 492." *Donovan v. Kasxinycki & Sonds Contractors, Inc.*, 599 F. Supp. 860, 870 (SDNY 1984). Neither applies here. Rather, as in *Parada v. Banco Indus. De Venez*, 2014 U.S. App. LEXIS 5497 (2d Cir. Mar 25, 2014), Plaintiff Dobrosmylov cannot meet his burden of establishing willfulness because there is no record evidence of Defendant DeSales [having acted willfully violation of the FLSA when it classified Plaintiff Dobrosmylov as exemptin what this Court has recognized "is something of a close case." (ECF No. 49 at 8).

---

[5] A true and correct copy of this decision is attached to the Bassen Decl. as Exh. 4.
[6] In this Court's description of Plaintiff's Dobrosmylov's job duties, there is no indication that his work involved interstate commerce. (ECF No. 49 at 2-4).

Most recently, in *Whiteside v. Hoover-Davis*, *Inc.*, *Universal Instruments Corp*., No. 20-798 (2d Cir. April 27, 2021), the Second Circuit held that in an FLSA case, "a plaintiff at the pleadings stage must allege facts that give rise to a plausible inference of willfulness for the three-year exception to the FLSA's general two-year statute of limitations to apply." *Id.* at 3. Like in *Whiteside,* Plaintiff Dobrosmylov has failed to do so here. His Complaint avers no facts but only conclusory allegations of willfulness and as the Second Circuit stated in *Whiteside,* "a court need not accept as true a plaintiff's conclusory allegation [as here] that a defendant willfully violated the FLSA." *Id.* at 11. "[P]laintiff carries the burden of proof" and [a]n averment of 'willfulness' is … *precisely* the sort of legal conclusion that … must be supported by factual allegations at the pleadings stage." *Id*. at 11-12. Finally, the Second Circuit made clear in *Whiteside* that its ruling applies to all aspects of willfulness under the FLSA rather than to just the amount of time that a plaintiff has to bring an FLSA claim. The Second Circuit stated in *Whiteside*, "willfulness operates as an independent element of claims for *willful* violation of the FLSA – a subset of FLSA claims pursuant to which an employer is subject to heightened liability." *Id*. at 13.

## POINT IV

### ASSUMING *ARGUENDO* THAT DEFENDANT DESALES IS COVERED BY THE FLSA, THE TIME RECORDS PRODUCED BY DEFNEDANT DESALES IN DISCOVERY SHOULD BE THE BASIS FOR THIS COURT DETERMINING HOW MUCH FLSA OVERTIME PAY HE SHOULD BE AWARDED

Plaintiff Dobrosmylov has the burden of proving that he "performed work for which he was not properly compensated" should "enterprise" coverage be found. *See Huerta v. Victoria Bakery, et al.,* 1:10-cv-04754-RJD-JO (EDNY 02/17/12),[7] *citing S. New England Telecomms.,* 121 F.3d at 66-67 (*citing Mt. Clemens Potter Co.,* 328 U.S. at 687); *Rivera v. Ndola Pharmacy Corp.,* 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007) (citations omitted).  Discovery concluded in this matter

---

[7] A true and correct copy of this decision is attached to the Bassen Decl. as Exh. 5.

on April 19, 2020. The parties conducted extensive discovery and Plaintiff Dobrosmylov had a full opportunity to establish his damages. *Cf. City of Almaty, Kazakhstan v. Ablyazov*, 2018 WL 2148430 (S.D.N.Y. May 10, 2018).[8] "[T]he easiest way for an FLSA plaintiff to discharge his or her burden of proof is, generally, to "secur[e] the production of … records" from the employer, who has the duty for their maintenance under section 11(c) of the FLSA. *Santillan v. Henao*, 822 F. Supp. 284, 294 (EDNY 20110). Here, Plaintiff Dobrosmylov did secure the records of his work hours from Defendant DeSales, which properly kept and produced them. Plaintiff Dobrosmylov has  not disputed them. Indeed, Plantiff Dobrosmylov has admitted that "DeSales has produced time records accounting for Plaintiff's work schedule for the vast majority of the statutory period, the parties agree on Plaintiff's base salary, and the Defendants have produced all of Plaintiff's wage statements." (ECF No. 38 at 7). Accordingly, Plaintiff Dobrosmylov needs to rely on these records in submitting a damages calculation to the Court, without attempting to rely on his own recollection. *Cf. Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680 (1946); *Santillan, supra* at 294. "A plaintiff alleging a violation of FLSA may not rely on 'unsupported ipsie dixit [that] is flatly refuted by the hard evidence proffered by' the defendant." *Melton v. Tippecanoe County*, 2016 WL5239830 (7th Cir. 2016).[9]

## POINT V

**THIS COURT OUGHT NOT TO EXERCISE SUPPLEMENTAL JURISDCITON OVER THE SECOND AND FOURTH CLAIMS FOR RELIEF, PURSUANT TO NEW YORK LABOR LAW**

Pursuant to the Second Claim for Relief (New York State Overtime Violations, N.Y. Lab. L. N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4), Plaintiff Dobrosmylov pled that: (1) "It is

---

[8] A true and correct copy of this decision is attached to the Bassen Decl. as Exh. 6.
[9] A true and correct copy of this decision is attached to the Bassen Decl. as Exh. 7.

unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek" (ECF No. 1 at ¶ 53); (2) Defendant DeSales "willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times his regular rate for hours worked in excess of forty (40) hours per workweek" (*Id.* at ¶ 54); and (3) he is entitled to "an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663" (*Id.* at ¶ 55).

In his Fourth Claim for Relief (New York Wage Statement Requirements, N.Y. Lab. L. §§ 195, 198), Plaintiff Dobrosmylov also has pled that: (1) DeSales "did not provide Plaintiff with the proper and accurate wage statements required by N.Y. Lab. Law § 195" (ECF No. 1 at ¶ 62); and (2) he is entitled to "an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663" (*Id.* at ¶ 63).

Should this Court dismiss the First Claim for Relief under the FLSA, Defendant DeSales respectfully submits that this Court also should dismiss the supplemental state law claims. "'First, under 28 U.S.C. § 1367(c)(3), it is well settled that '[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.' Disposition without trial is the key element. Thus, it is an equally appropriate conclusion when the federal claims are eliminated at summary judgment." *Brooklyn Heights Ass'n. v. National Park Service*, 818 F.Supp.2d 564, 571 (E.D.N.Y. 2011) (internal citations omitted). "Where, as here, the court has dismissed before trial the only basis for Federal jurisdiction, the court should decline to exercise jurisdiction over the pendent state claims." *Somin v. Total Community Management Corp.*, 494

F.Supp.2d 153, 160 (E.D.N.Y. 2007tThis is what the Court did in *Locke*, *supra*. As the Court explained, "…a court may decline to exercise supplemental jurisdiction where the 'court has dismissed all claims over which it has original jurisdiction.' 28 U.S.C. § 1367(c)(3). Indeed, the court 'should ordinarily dismiss the state claims' '[w]hen all bases for federal jurisdiction have been eliminated.' *Bhd. of Locomotive Eng'rs Div. 269 v. Long Island R.R.,* 85 F.3d 35, 39 (2d Cir.1996) (declining to consider state law wage claim where the court dismissed the federal wage claims); *Louisdor v. Am. Telecomms., Inc.,* 540 F.Supp.2d 368, 374 (E.D.N.Y.2008)." *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 91 (E.D.N.Y. 2010) (dismissing the New York Labor Law claims without prejudice upon dismissal of the FLSA claims by which the Court had original jurisdiction). Upon dismissal in this forum, Plaintiff Dobrosmylov can still proceed with his remaining claims in New York state court should he choose to do so.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant DeSales respectfully requests that the Court grant its renewed motion for summary judgment in its entirety.

Dated:  May 25, 2021
        New York, New York

*/s/Ned H. Bassen*
Ned H. Bassen
