# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DIMAS RODRIGUEZ, and all** | § | |
| others similarly situated under | § | |
| 29 U.S.C. § 216 (b), | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:15-CV-3370-BK |
| **SHAN NAMKEEN, INC.,** | § | |
| **SHAILESH PATEL,** | § | |
| **MANISHA PATEL,** | § | |
| and **SHIRISH PATEL,** | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the parties' consent to proceed before the magistrate judge, Doc. 8 at 5, the Court now considers Defendants' *Motion to Dismiss Plaintiff's Amended Complaint*, Doc. 29. For the reasons stated herein, Defendants' motion is **GRANTED**.

**I. BACKGROUND**

In October 2015, Plaintiff Dimas Rodriguez filed this claim under the Fair Labor Standards Act ("FLSA") alleging that Defendants, Shan Namkeen, Inc. ("SNI") and Shailesh Patel, violated provisions related to the payment of overtime and minimum wages.  Doc. 1 at 1. Defendants subsequently filed an answer, Doc. 7.  In September 2016, Plaintiff sought and obtained leave to file his *First Amended Complaint*, Doc. 24, in which he added a joint enterprise allegation and two additional defendants, Manisha and Shirish Patel.  *See* Doc. 24 at 1, 3-4.  In October 2016, Defendants filed the motion *sub judice*, Doc. 29, seeking dismissal of Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6).

### III. LEGAL STANDARD

Plaintiff argues that by virtue of Defendant's answer to their *Original Complaint*, Defendants waived all 12(b)(6) arguments, with the exception of those related to the newly-added joint enterprise claim. Doc. 31 at 2. However, as Plaintiff acknowledges, a Rule 12(b)(6) motion filed after an answer is treated as a Rule 12(c) motion for judgement on the pleadings. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Moreover, since same standard governs the Court's consideration of Rule 12(c) and Rule 12(b)(6) motions, *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008), it is not necessary to determine which claims Defendants move to dismiss pursuant to Rule 12(b)(6), and which claims they move to dismiss pursuant to Rule 12(c).[1]

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true, but need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. In order to overcome a Rule 12(b)(6) motion, a complaint should plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir.

---

[1] *See, e.g. Saenz v. JP Morgan Chase Bank, N.A.*, No. 7:13-CV-156, 2013 WL 3280214, at *1 (S.D. Tex. June 27, 2013) (where defendants, who had previously answered plaintiff's original complaint, sought dismissal of plaintiff's amended complaint under Rule 12(b)(6), the court refrained from determining whether it was brought under Rule 12(b)(6) or 12(c) because the same standard applied); *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, No. H-11-3390, 2012 WL 1981990, at *4 (S.D. Tex. June 1, 2012) (same).

2

2014) (same).  A complaint, thus, is not sufficient if it merely contains "a formulaic recitation of the elements," or "naked assertions" devoid of factual enhancement.  *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

The sections of the FLSA dealing with minimum wage and overtime pay requirements apply only to (1) an employer with "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce" ("individual coverage"), or (2) to an employer with employees "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage").  *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1); *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir.1992) (using the terms "individual" and "enterprise" coverage).[2]  "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Martin*, 955 F.2d at 1032 (emphasis in original).  The plaintiff, however, has the burden of establishing individual or enterprise coverage.  *See Mendoza v. Detail Sols., LLC*, 911 F.Supp.2d 433, 439 (N.D. Tex. 2012) (Fish, J.) (holding that the plaintiff has the burden of establishing that the employer is subject to the requirements of the FLSA).

Defendants argue that Plaintiff's pleadings are factually deficient and fail to establish (1) individual coverage, (2) enterprise coverage, and (3) that SNI is engaged in a joint enterprise.  In response, Plaintiff contends that his pleadings contain sufficient factual support.  Doc. 31 at 4-9. In the alternative, Plaintiff requests leave to amend his complaint should the Court find his pleadings deficient.  Doc. 31 at 10.

---

[2] The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).  "In other words, 'commerce' refers to interstate commerce." *Morrow v. JW Elec., Inc.*, No. 3:11-CV-1988-D, 2011 WL 5599051, at *2 n.2 (N.D. Tex. Nov. 16, 2011) (Fitzwater, J.) (citation omitted).

**A. Individual Coverage**

Plaintiff fails to allege individual coverage. While the FLSA does not define "individual coverage," the Court of Appeals for the Fifth Circuit instructs courts to determine whether the employee's job "is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Mendoza*, 911 F.Supp.2d at 439 (Fish, J.) (citing *Sobrino v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007)). Plaintiff's *First Amended Complaint* alleges individual coverage, in relevant part:

> 12. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants. Defendants' business involves commercial food manufacturing.

Doc. 24 at 3. Thus, Plaintiff's individual coverage claim is premised on the fact that (1) the goods he used/was provided with moved through interstate commerce before and after his use, and (2) his work was in and/or closely related to the movement of commerce. Doc. 24 at 3.

However, Plaintiff's naked assertions fail to assert any facts from which it can be found that his job affected commerce. *Mendoza*, 911 F.Supp.2d at 439. More specifically, Plaintiff states that he was employed as a "delivery driver and laborer," Doc. 24 at 3, but fails to support his claim with factual enhancements that would allow the Court to determine that his job was not simply isolated local activity. *Mendoza*, 911 F.Supp.2d at 439; *Twombly*, 550 U.S. at 557. Thus, Plaintiff's allegations amount to a threadbare recitation of the elements of individual coverage,

4

the likes of which courts have found insufficient to survive dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678; *see Centeno v. Facilities Consulting Grp., Inc.*, No. 3:14-CV-3696-G, 2015 WL 247735, at *10 (N.D. Tex. Jan. 20, 2015) (Fish, J.) (dismissing FLSA claims where plaintiff's allegations of individual and enterprise coverage "fail[ed] to provide factual allegations pertaining specifically to the dispute at issue"); *Teaney v. Kenneth & Co. Honey Do Servs.*, No. 3:13-CV-4211-L, 2014 WL 3435416, at *4 (N.D. Tex. July 15, 2014) (Lindsay, J.) ("Plaintiff does not allege any facts whatsoever to support individual coverage.  He merely states in conclusory fashion that he was individually engaged in commerce."); *Morrow*, 2011 WL 5599051, at *3 (dismissing FLSA claims where the plaintiff, "rather than pleading specific facts that establish individual or enterprise coverage[,] . . . merely recite[d] the statutory elements of FLSA coverage, or assert[ed] generalized facts"); *see also Lindgren v. Spears*, No. H-10-1929, 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010) (dismissing an FLSA claim where the "allegations of FLSA coverage are conclusory [and] merely repeat the statutory elements of coverage").

Furthermore, contrary to Plaintiff's argument, the Court's holding in *Neto et al. v. DMCC Enter., Inc. et al.*, No. 3:13-CV-3528-P (N.D. Tex. Apr. 15, 2015) (Solis, J.) is not particularly instructive.  In *Neto*, the defendant moved for dismissal of plaintiff's FLSA claim under Rule 12(b)(6), arguing, *inter alia*, that the plaintiff failed to establish individual and enterprise coverage.  *Id.*, Dkt. No. 40 at 12.  Of specific relevance, plaintiff's allegation of individual coverage mirrored the complaint allegations at issue in this case.[3]  *See id.*, Dkt. No. 31 at 3-4.  However, the Court's electronic order denying the motion to dismiss the complaint in *Neto* states only that "the Court finds that the claims asserted in Plaintiffs' first amended complaint survive

---

[3] Counsel for Plaintiff was counsel of record for the plaintiff in *Neto*.

5

summary dismissal under Fed. R. Civ. P. 12(b)(6)." *Id.*, Dkt. No. 44.  As previously mentioned, a plaintiff bringing an FLSA claim must establish *either* individual *or* enterprise coverage. *Martin*, 955 F.2d at 1032.  Without any explanation of the Court's reasoning, it is impossible to determine if dismissal was denied in *Neto* because the Court found that the allegations in question were sufficient to allege individual coverage, as opposed to enterprise coverage, or vice versa.  Thus, based on the dearth of factual enhancement in the complaint, the Court finds in this case that Plaintiff has failed to plausibly allege individual coverage.

**B.  Enterprise Coverage**

Plaintiff also fails to sufficiently allege enterprise coverage.  To sufficiently allege enterprise coverage, Plaintiff must include facts that establish he was "employed in an enterprise engaged in commerce or in the production of goods for commerce."  *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1).  For the purposes of establishing enterprise coverage, the FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as one that

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1).  The first prong of the enterprise coverage definition can be met by either meeting the commerce requirement (analyzed in essentially the same manner as Plaintiff's individual coverage claim) or the handling requirement.  *Mendoza*, 911 F.Supp.2d at 439-40. Additionally, Plaintiff's allegations must satisfy the dollar-volume requirement of the second prong.  As to his enterprise coverage claim, Plaintiff alleges, in relevant part:

6

> 13. Upon information and belief, the Defendant Corporation, individually and/or collectively as part of the joint enterprise described in paragraph 16 below, had gross sales or business done in excess of $500,000 annually for the years 2011, 2012, 2013, and 2014.
>
> 14. Upon information and belief, the Defendant Corporation's sales or business done, individually and/or collectively as part of the joint enterprise described in paragraph 16 below, is expected to exceed $500,000 for the year 2015.
>
> 15. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' businesses an enterprise covered under the Fair Labor Standards Act.

Doc. 24 at 3-4.

Plaintiff has alleged the basic elements of enterprise coverage, but not the necessary factual support. Specifically, Plaintiff's allegations in paragraph 15 regarding the commerce and handling requirements are merely conclusory and do not state any facts from which it can be gleaned that the enterprise and its employees indeed are involved in commerce. While Plaintiff's allegations concerning the dollar volume requirement are read with some lenience,[4] he nonetheless is expected to be familiar enough with his employer's business to be able to supplement his application of the commerce and handling clause beyond the bare allegations he asserts here. *See Centeno*, 2015 WL 247735, at *11. As it stands, Plaintiff's complaint is in a skeletal form, merely reciting the applicable statutory, regulatory, and precedential language. *Morrow*, 2011 WL 5599051, at *3; *Iqbal*, 556 U.S. at 678; *see also Lindgren*, 2010 WL 5437270, at *3. Simply stated, the Court requires additional factual enhancements to identify the

---

[4] The Court is satisfied with Plaintiff's pleading of the dollar volume requirement. As employees typically lack specific information concerning their employer's volume of sales, requiring more could lead to "gross speculation" and the violation of Federal Rule of Civil Procedure 11. *Centeno*, 2015 WL 247735, at *11 (citing FED. R. CIV. P. 11(b)(3) ("[T]he factual contentions [must] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.")).

contours of Plaintiff's claim. *See Centeno*, 2015 WL 247735, at *11 ("The plaintiffs' complaint leaves the court asking what goods or materials did the employees handle or what instrumentalities of interstate commerce did they use. The court concludes it is not unreasonable to require the plaintiffs to answer these questions.").

Plaintiff again seeks support from *Neto*, where the court refused to dismiss a complaint containing similar allegations of enterprise coverage. *See Neto*, No. 3:13-CV-3528-P, Dkt. No. 31 at 4. However, for the reasons discussed above, the Court finds this argument unavailing. Accordingly, the Court finds that Plaintiff has failed to plausibly allege enterprise coverage.

## C. Joint Enterprise

Couched within Plaintiff's enterprise coverage theory is the assertion that SNI and S2 Brothers, LLC ("S2") are a single enterprise. Doc. 24 at 4. Plaintiff predicates this claim on the fact that (1) SNI shares employees with S2 and uses S2's facilities to prepare and package its goods for shipment and sale, and (2) Shailesh Patel is the sole director and president of S2 and occupies "the same or similar positions" with SNI. Doc. 24 at 4. Defendants argue that Plaintiff's claim fails to establish that SNI (a commercial food manufacturer) and S2 (a coin-operated laundry) have a "common business purpose." Doc. 29 at 8-9. In response, Plaintiff argues that their common businesses purpose is reflected by the fact that SNI and S2 performed "related activities," i.e. prepared and packaged SNI's goods, and are under "unified operation or common control." Doc. 31 at 8-9.

While an "enterprise" may consist of multiple entities, the entities must (1) perform related activities; (2) be under unified operation or common control; and (3) share a common business purpose. *Dunlop v. Ashy*, 555 F.2d 1228, 1231 (5th Cir. 1977) (citation omitted); *see also* 29 U.S.C. § 203(r). Entities have a "common business purpose" when their activities "are

8

directed to the same business objective or to similar objectives in which the group has an interest." 29 C.F.R. § 779.213. "A common business purpose exists if 'the separate [entities] engaged in complementary businesses, and were to a significant degree operationally interdependent.'" *Reich v. Bay, Inc.*, 23 F.3d 110, 115-16 (5th Cir. 1994) (quoting *Donovan v. Janitorial Servs., Inc.*, 672 F.2d 528, 530 (5th Cir. 1982)). This requires establishing "[m]ore than a common goal to make a profit." *Brennan*, 482 F.2d at 1367. Where, however, "the activities are not performed as a part of such enterprise but for an entirely separate and unrelated business, they will be considered performed for a different business purpose and will not be a part of that enterprise." 29 C.F.R. § 779.213.

Plaintiff's *First Amended Complaint* sets forth his joint enterprise allegation, in relevant part:

> 16. Upon information and belief, Defendant SHAN NAMKEEN, INC. is part of a joint enterprise as defined by 29 U.S.C. § 203(r) with S2 Brothers, LLC as the related activities between various businesses, performed through unified operation and/or common control, are being done for a common business purpose. For example, Defendant SHAN NAMKEEN, INC. shares employees with and uses the facilities of S2 Brothers, LLC to prepare and package goods produced by Defendant SHAN NAMKEEN, INC.'s [sic] for shipment and sale. Furthermore, Defendant SHAILESH PATEL is listed with the Texas Secretary of State as the sole director and president of S2 Brothers, LLC and he occupies the same or similar positions with Defendant SHAN NAMKEEN, INC.

Doc. 24 at 4. Plaintiff's allegations mention each of the requisite elements: related activities, unified operation/common ownership, and common business purpose. Crucially, however, Plaintiff does not explain how SNI – a commercial food manufacturer – and S2 – a coin-operated laundry – are engaged in complementary businesses. *Bay*, 23 F.3d at 115-16. In fact, Plaintiff's *First Amended Complaint* does not even state what S2's business entails. *See* Doc. 24. Moreover, while Plaintiff alleges the benefits SNI receives from its relationship with S2 (employees and space to prepare and package its goods), he fails to offer facts from which it can

9

be determined that S2's operations are dependent on its relationship with SNI. *Bay*, 23 F.3d at 115-16. Sans the required factual enhancement, Plaintiff has not alleged the requisite level of interdependence that courts generally look for when finding that multiple entities share a common business purpose. *See, e.g. Bay*, 23 F.3d at 116 (finding two entities – a contractor and a subcontractor – had a common business purpose where 90 percent of the subcontractor's business consisted of supplying labor to the contractor); *Flores v. ACT Event Servs., Inc.*, 55 F.Supp.3d 928, 937 (N.D. Tex. 2014) (Fish, J.) (finding that two entities – a production company and a cleaning company – shared a common business purpose, where the cleaning company's "sole purpose" was to provide people to work at the production company's events); *Reich v. Priba Corp.*, 890 F.Supp. 586, 589-90 (N.D. Tex. 1995) (Fish, J.) (finding that two entities shared a common business purpose, where both entities jointly promoted and managed a gentlemen's club, and "neither entity would exist without the presence of the other").

Plaintiff is correct that considerations relevant to the related activities and unified operation/common control inquiry are relevant in determining the existence of a common business purpose. *See Wirtz v. Savannah Bank & Tr. Co. of Savannah*, 362 F.2d 857, 861 (5th Cir. 1966). However, such considerations do not obviate the requirement that a common business purpose also be established, which, for the reasons stated above, Plaintiff has failed to do. Thus, the Court finds that Plaintiff has failed to sufficiently allege that SNI and S2 are part of a single enterprise covered by the FLSA.

## IV. LEAVE TO AMEND

Plaintiff requests leave to amend his *First Amended Complaint* if one or more of his claims is found to be insufficiently pled. Doc. 31 at 10. Although a court may dismiss a claim with prejudice that fails to meet the pleading requirements, "it should not do so without granting

10

leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp* ., 199 F.3d 239, 248 n.6 (5th Cir. 2000). While Plaintiff has previously amended his complaint, the motion *sub judice* was the first challenge to the sufficiency of his pleadings. Additionally, it is not immediately apparent that Plaintiff's pleadings are incurable. Accordingly, Plaintiff is **GRANTED** leave to amend his complaint within 14 days of this order. Should Plaintiff fail to file an amended complaint that cures the deficiencies identified herein by the deadline imposed, the Court will enter an order of dismissal with prejudice.

## V. CONCLUSION

Defendants' *Motion to Dismiss*, Doc. 29, is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

SIGNED January 9, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE