# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CELESTINO ANTONIO MARTINEZ, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CV-09-BE-0123-S |
| ] | |
| JADE PALACE, ] | |
| ] | |
| Defendant. ] | |
| ] | |

**MEMORANDUM OPINION**

This case is before the court on "Defendant's Motion for Summary Judgment" (doc. 19). In his complaint, Plaintiff alleges that the Defendant failed to pay him minimum wage and overtime pay as required by the Fair Labor Standards Act (FLSA). The Defendant asserts that FLSA's requirements do not apply to Jade Palace. On August 19, 2009, the court ordered that the Defendant file its motion for summary judgment as to the legal question of individual FLSA coverage *only*; the court decided to defer argument on other issues, e.g., enterprise liability under FLSA, until after additional discovery. The parties have fully briefed the individual coverage issue. Having reviewed the filings and applicable law, the court GRANTS partial summary judgment as to the **individual coverage issue only**. In all other respects, the motion is DENIED.

**FACTS**

The following facts are viewed in the light most favorable to the non-moving party, *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999), and are the facts only for summary judgment purposes.

1

Defendant Jade Palace is a local restaurant serving primarily Chinese-American food. Jade Palace's customer base is local, consisting of the Jefferson-Shelby County, Alabama areas; the restaurant advertises, markets, and sells food solely in this area. Further, Defendant's employees live exclusively in this area.

The Plaintiff began his employment with the Defendant in July of 2006. Plaintiff worked through May of 2007 and again from July 2008 through January 2009. Plaintiff worked under the direction and control of the Defendant. The Defendant hired Plaintiff to work as a cook, providing food preparation and kitchen services. Plaintiff and representatives of the Defendant negotiated, set, and agreed to the terms and conditions of Plaintiff's employment. Defendant paid Plaintiff $1,200 per month which progressed to $1,500 per month as he gained experience. Defendant never provided lodging or transportation as a form of compensation. Plaintiff never complained about his working conditions, compensation, or duties.

Plaintiff performed any work that the Defendant requested; however, the Plaintiff did not order or purchase goods, products, or supplies. Further, Plaintiff Martinez did not pay bills for the Defendant. Plaintiff did not take orders from customers in any fashion nor did he correspond in any way with customers, vendors, merchants, or suppliers. In January 2009, the Plaintiff voluntarily left his employment with the Defendant.

## STANDARD OF REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure. Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment it must determine two things: (1) whether

any genuine issues of material fact exist; *and if not*, (2) whether the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).  The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  Rule 56, however, does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."  *Id.*

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Disagreement between the parties is not significant unless the disagreement presents a "genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).   In responding to a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a *genuine issue for trial*.'"  *Celotex*, 477 U.S. at 324

(quoting Fed. R. Civ. P. 56(e)) (emphasis added); *see also* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e), 28 U.S.C. app. ("The very mission of summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."). The non-moving party need not present evidence in a form admissible at trial; however, he may not merely rest on the pleadings. *Celotex*, 477 U.S. at 324. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden" to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). The court must refrain from weighing the evidence and making credibility determinations, because these decisions fall to the province of the jury. *See Anderson*, 477 U.S. at 255; *Stewart v. Booker T. Washington Ins. Co.*, 232 F.3d 844, 848 (11th Cir. 2000); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Furthermore, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Graham*, 193 F.3d at 1282. The non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Id.* The evidence of the non-moving party "is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. After both parties have addressed the motion for summary judgment, the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

**Discussion**

Plaintiff Martinez asserts that The Jade Palace failed to pay him minimum wage and overtime compensation in violation of his rights under the Fair Labor Standards Act, 29 U.S.C. § 207. Specifically, he asserts that Jade Palace did not pay him the minimum hourly wage and one-and-a-half times his regular rate of pay when he worked more than forty hours per week as required by the FLSA. Defendant asserts that the FLSA's individual coverage provisions do not apply to the Defendant, as a matter of law.

*Coverage under the FLSA*

The Fair Labor Standards Act protects employees by mandating that employers pay their employees at least the minimum wage described in the Act and one and one-half times the regular rate of pay for overtime. 29 U.S.C. § 206(a)(1), 207(a)(1) (2007). But the FLSA does not apply to all employers. The FLSA only protects employees who (1) engage in commerce or in the production of goods for commerce *or* (2) are employed in an enterprise engaged in commerce or in the production of goods for commerce. *Id.* Thus, to survive summary judgment, Plaintiff Martinez must first must show that the FLSA applies to the Defendant; therefore, he must show that while he worked as a cook at Jade Palace, he (1) engaged in commerce or the production of goods for commerce–individual coverage; *or* (2) worked for an enterprise engaged in commerce or in the production of goods for commerce–enterprise coverage. *See Ares v. Manuel Diaz Farms, Inc.*, 318 F.3d 1054, 1056 (11th Cir. 2003).

*Individual Coverage*

For individual coverage to apply, the Plaintiff must provide some evidence that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce. 29 U.S.C. §

207(a)(1).

 *A. Engaged in commerce*

To be "engaged in commerce" under the FLSA,

> an employee must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. § 776.23(d)(2) (2005); 29 C.F.R. § 776.24 (2005)).  The fact that some of the goods used by the employee "may have crossed state lines at a previous time does not in itself implicate interstate commerce." *Id.* at 1267.

The undisputed facts in the instant case show that the Plaintiff did not work in the transportation or communication industry; rather, he worked as a cook.  As to whether Plaintiff used the instrumentalities of commerce, the facts show that Plaintiff did not order or purchase goods, products or supplies; pay bills for the Defendant; take orders from customers in any fashion; nor correspond in any way with customers, vendors, merchants or suppliers.  Further, the Supreme Court has held that cooks are not entitled to FLSA's individual coverage. *McLeod v. Threlkeld*, 319 U.S. 491, 493 (1943).

Nevertheless, Plaintiff asserts that FLSA's individual coverage applies because the FLSA has undergone significant revisions since the Court's decision in *McLeod*.  Specifically, Plaintiff points out that Congress amended the FLSA in 1974 by removing an exemption for restaurants. *See* Pub. L. No. 93-259, 88 Stat 55.  However, Congress has *not* amended the FLSA's "engaged in commerce" requirement; thus, that requirement, as

applied to cooks by the Supreme Court and defined by the Eleventh Circuit in *Thorne*, is binding upon this court.

Plaintiff further asserts that the court should not apply the rule in *Thorne* because the rule is in direct contrast to the precedent in *Brennan v. Wilson Bldg., Inc.*, 478 F.2d 1090, 1094 (5th Cir. 1973) (holding that an elevator operator that *transports* mail freight is engaged in commerce) and *Casey v. Looney*, 183 Fed. App'x 859, 860-61 (11th Cir. 2006)[1] (finding no reversible error in district court's determination that FLSA's individual coverage protects an administrative assistant for a small junkyard).

Plaintiff asserts that in *Casey*, the Eleventh Circuit, in direct contrast to the rule articulated in *Thorne*, noted that the defendant's junkyard was involved with commerce, as required by the FLSA, because the vehicles in the junkyard had *previously* moved in interstate commerce. *Casey*, 183 Fed. App'x at 861. But in *Casey*, the Court was not making a FLSA coverage determination. *See id.* The relevant issue on appeal was not whether the FLSA applied, but rather whether the district court, acting as the finder of fact, was clearly erroneous in finding that cars purchased by the junkyard had previously moved in interstate commerce. *Id.* The Court held that the district court's finding was supported by the record. *Id.* Although the Court ultimately concluded that the Defendant did not show reversible error in the district court's conclusion that the "effect on interstate commerce" requirement was satisfied, the Court did not hold that the FLSA applied *because* the cars previously moved in interstate commerce. *Id.* Thus, the Court's opinion

---

[1]Even though the court will distinguish the issue in *Casey* from the issue in the instant case, the court notes that the *Casey* opinion is unpublished and thus is not considered binding precedent. 11th Cir. R. 36-2.

in *Casey* does not contradict the rule in *Thorne*.

Likewise, the Court's decision in *Brennan* does not contradict the rule in *Thorne*; in fact, the plaintiff in *Brennan* fit within the *Thorne* definition of an employee "engaged in commerce." The *Brennan* Court found that the plaintiff could assert a claim under the FLSA because he transported goods in interstate commerce as an elevator operator. 478 F.2d at 1095 ("It is plain to us that the goods *transported* by [defendant's] elevator operators continue to flow in interstate commerce beyond the lobby of the office buildings." (emphasis original)). In essence, the Court concluded that elevator workers are engaged in interstate commerce because they are transportation employees. However, the instant case is distinguishable from *Brennan* because the facts do not show that the Plaintiff transported any goods in interstate commerce.

Last, Plaintiff makes a policy argument in favor of applying the FLSA's individual coverage to Defendant. Plaintiff asserts that if a personal cook employed by a household is within the scope of the FLSA, a cook employed in a restaurant open to the public would clearly be covered by FLSA. But, Plaintiff's argument is based on a false premise; actually, a personal cook who is employed by a household is *exempt* from the minimum wage and maximum hour requirement of the FLSA. *See* 29 U.S.C. 213(a)(15); 29 C.F.R. § 552.3. Accordingly, Plaintiff's policy fails, *ab initio*, to show that the court should find Plaintiff has "engaged in commerce" such that FLSA's individual coverage applies.

Because Plaintiff has presented no evidence that satisfies the FLSA's "engaged in commerce" requirement, Plaintiff cannot claim a violation of the FLSA under the first

prong of individual coverage.

### B. *Engaged in the production of goods for commerce*

Plaintiff does not argue or present evidence that he was engaged in the production of goods for commerce while working for the Defendant; thus, Plaintiff cannot claim a violation of the FLSA under the second and final prong of individual coverage.

*Enterprise Coverage*

Under the second type of FLSA coverage–"enterprise coverage"–an employee is entitled to minimum wage and time-and-a-half overtime pay if he is employed by "an enterprise engaged in commerce." 29 U.S.C. § 207(a)(1). In contravention of the court's August 19, 2009 order, the Defendant also moves for summary judgment on the issue of whether FLSA's enterprise coverage applies to the Defendant. The parties dispute whether enterprise coverage applies; however, because the court specifically instructed the parties to only brief the issue of individual coverage, the court will not rule on the enterprise coverage issue.

## CONCLUSION

Because the Plaintiff neither engaged in commerce nor engaged in the production of goods for commerce, FLSA's individual coverage is inapplicable; therefore, the court GRANTS partial summary judgment in favor of the Defendant on the individual coverage issue only.

DONE and ORDERED this 11th day of January, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE