EXHIBIT 4

20-798
*Whiteside v. Hover-Davis-Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2020

(Argued: October 9, 2020    Decided: April 27, 2021)

No. 20-798

―――――――――――――――

MARK WHITESIDE

*Plaintiff-Appellant,*

-v.-

HOVER-DAVIS, INC., UNIVERSAL INSTRUMENTS CORPORATION

*Defendants-Appellees.*

―――――――――――――――

Before:     LIVINGSTON, *Chief Judge*, CHIN, *Circuit Judge*, and ENGELMAYER, *District Judge*.[1]

   Plaintiff-Appellant Mark Whiteside appeals from a March 2, 2020 judgment of the United States District Court for the Western District of New York (Siragusa, *J.*) dismissing this action pursuant to Federal Rule of Civil Procedure 12(b)(6).   On appeal, Whiteside argues that the district court erred in holding that the Fair Labor Standards Act's general two-year statute of limitations bars his claim for unpaid

―――――――――――――――

[1]     Judge Paul A. Engelmayer, United States District Judge for the Southern District of New York, sitting by designation.

overtime wages.   Instead, Whiteside maintains that the Fair Labor Standards Act's three-year statute of limitations for willful violations should apply to his claim because he alleged that his employer willfully violated the Fair Labor Standards Act.   We hold that the mere allegation of willfulness is insufficient for a plaintiff to secure the benefit of the three-year exception to the Fair Labor Standards Act's general two-year statute of limitations at the pleadings stage. Rather, for the three-year exception to apply at the pleadings stage, a plaintiff must plead facts that plausibly give rise to an inference of willfulness.   Whiteside failed to do so here.   Accordingly, we AFFIRM the judgment of the district court.

Judge Chin dissents in a separate opinion.

FOR PLAINTIFF-
APPELLANT:

DEBRA L. GREENBERGER (Ananda V. Burra, *on the brief*), Emery Celli Brinckerhoff & Abady LLP, New York, NY.

CHRISTOPHER Q. DAVIS, The Law Office of Christopher Q. Davis, PLLC, New York, NY.

FOR DEFENDANTS-
APPELLEES:

MICHAEL D. BILLOK, Bond, Schoeneck & King PLLC, Saratoga Springs, NY.

DEBRA ANN LIVINGSTON, *Chief Judge*:

Plaintiff-Appellant Mark Whiteside ("Whiteside") commenced this action against Defendants-Appellees Hover-Davis, Inc. ("Hover-Davis") and Universal Instruments Corporation (together, "Defendants") on January 8, 2019.   Whiteside alleges, *inter alia*, that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime wages from January 2012 through January 26, 2016.

He further alleges that Defendants willfully violated the FLSA—*i.e.*, with knowledge that, or reckless disregard as to whether, the FLSA prohibited their conduct.

Claims for unpaid overtime compensation under the FLSA are generally subject to a two-year statute of limitations. 29 U.S.C. § 255(a). But claims for unpaid overtime compensation arising out of an employer's *willful* violation of the FLSA are subject to a three-year statute of limitations. *Id.* The district court (Siragusa, *J.*) dismissed Whiteside's FLSA claim as barred by the two-year limitations period because Whiteside failed to allege plausibly that Defendants willfully violated the FLSA. This appeal addresses whether a plaintiff at the pleadings stage must allege facts that give rise to a plausible inference of willfulness for the three-year exception to the FLSA's general two-year statute of limitations to apply. We conclude that a plaintiff must do so and that Whiteside failed to do so here. Accordingly, we AFFIRM the judgment of the district court.

## BACKGROUND

### I. Factual Background[2]

From August 1999 to June 2018, Whiteside worked for Hover-Davis, a wholly owned subsidiary of Universal Instruments Corporation, in Rochester, New York. Hover-Davis specializes in the design, development, and manufacture of automation assembly equipment. Throughout his employment at Hover-Davis, Whiteside's job title was "Quality Engineer," and Defendants classified him as a salaried employee exempt from overtime pay requirements under the FLSA. Whiteside's job responsibilities as a Quality Engineer included monitoring production lines and developing and implementing product tests to ensure product quality.

In January 2012, an unidentified Hover-Davis employee asked Whiteside "to switch positions" and to perform the work of a "Repair Organization Technician." App'x at 11. From that point until January 26, 2016, Whiteside exclusively performed the work of a Repair Organization Technician, fixing products that Defendants manufactured. Whiteside's supervisor, Juliann

---

[2] The factual background presented here is derived from the allegations in the Third Amended Complaint, which we accept as true in considering a motion to dismiss. "App'x" refers to the joint appendix, Dkt. No. 35.

Nelson, knew that Whiteside was performing repair work, and he continued to assign Whiteside such work, as did Nelson's supervisor, Operations Manager Ronald Bradley ("Bradley").

At the time, Defendants classified Repair Organization Technicians as hourly employees, not exempt from overtime pay requirements under the FLSA. Indeed, Defendants classified the individual who Whiteside replaced in the role, and all of Whiteside's co-workers in the role, as non-exempt employees. Despite the change in Whiteside's role and responsibilities, Defendants continued to treat him as a salaried employee exempt from overtime pay requirements under the FLSA. Consequently, although Whiteside worked approximately 45 to 50 hours per week throughout the period from January 2012 through January 2016, Defendants neither paid him overtime nor provided him with accurate wage statements.

Whiteside resumed his work as a Quality Engineer on January 26, 2016. But in August 2017, he was diagnosed with cancer. Intensive medical treatments required Whiteside to take disability leave for several months. When Whiteside returned to work in April 2018, Bradley told him that Hover-Davis was ceasing

production of prosthetic arms, the product with which he had been working. Whiteside's employment was terminated on June 18, 2018.

## II. Procedural History

Whiteside commenced this action on January 8, 2019, alleging various claims under the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYHRL"), the FLSA, and the New York Labor Law ("NYLL"). He filed the operative pleading—the Third Amended Complaint ("TAC")—on June 19, 2019. Like the original complaint, the TAC seeks relief under the ADA, the NYHRL, the FLSA, and the NYLL.

On July 3, 2019, Defendants filed a motion to dismiss the TAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the district court subsequently granted. The district court dismissed Whiteside's FLSA claim as barred by the applicable two-year statute of limitations. According to the district court, the three-year exception for willful violations of the FLSA did not apply because Whiteside failed to allege plausibly that Defendants willfully violated the FLSA. As for Whiteside's ADA claim, the district court found that Whiteside failed to allege facts plausibly giving rise to an inference of discrimination on the basis of Whiteside's medical condition. Having disposed of Whiteside's federal

claims, the district court declined to exercise supplemental jurisdiction over his remaining state law claims. Whiteside appeals, challenging only the district court's decision to dismiss his FLSA claim.

## DISCUSSION

"We review *de novo* the district court's judgment granting Defendants' motion to dismiss." *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 99–100 (2d Cir. 2015). Generally, "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (citing FED. R. CIV. P. 8(c)(1)). Nevertheless, "a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Id.* A court accordingly may dismiss a claim on statute-of-limitations grounds at the pleadings stage "if [the] complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). The limitations period for FLSA claims is two years, "except that a cause of action arising out of a willful violation may be commenced within three years." 29 U.S.C. § 255(a).

Whiteside challenges the district court's dismissal of his FLSA claim on two grounds. First, contrary to the reasoning of the district court, Whiteside argues

that an FLSA plaintiff need not plead *any* facts giving rise to an inference of willfulness to secure the benefit of the extended three-year statute of limitations for willful violations of the FLSA. Rather, in Whiteside's view, an FLSA plaintiff need only assert at the pleadings stage that the defendant willfully violated the FLSA. Second, Whiteside argues that, in any event, he pleaded facts sufficient to give rise to an inference of willfulness.

We disagree and hold that: (1) a plaintiff must allege facts at the pleadings stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply; and (2) Whiteside's allegations fail to give rise to such an inference here. Because the TAC clearly shows that Whiteside commenced this action almost one year after the applicable two-year limitations period expired, we conclude that the district court properly dismissed his FLSA claim.

**I**

We first consider whether a plaintiff must plead facts that give rise to an inference of willfulness to invoke the three-year exception at the pleadings stage. Whiteside principally argues that the mere allegation of willfulness suffices in light of the general tenet that a plaintiff need not anticipate a defendant's possible

8

affirmative defenses.   Defendants, on the other hand, maintain that *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), require a plaintiff to allege willfulness plausibly.

We note at the outset that the Courts of Appeals are divided as to the applicable pleading requirements in cases in which a plaintiff alleges willfulness to obtain the benefit of an extended limitations period.   On the one hand, for instance, the Tenth Circuit has held that the mere allegation of willfulness suffices for the three-year exception to apply under the FLSA.   *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1298–99 (10th Cir. 2018).   On the other hand, the Sixth Circuit has held that "[a] plaintiff 'must do more than make the conclusory assertion that a defendant acted willfully'" to invoke the three-year exception under the structurally analogous Family and Medical Leave Act ("FMLA").[3]   *Crugher v. Prelesnik*, 761 F.3d 610, 617 (6th Cir. 2014) (quoting *Katoula v. Detroit Entm't, LLC*, 557 F. App'x 496, 498 (6th Cir. 2014)).   The district courts of this Circuit are likewise divided.   *Compare, e.g., Henry v. Nannys for Grannys Inc.*, 86 F. Supp. 3d

---

[3]   Like FLSA claims, FMLA claims are subject to a two-year limitations period that extends to three years when the violation is "willful."   29 U.S.C. § 2617(c)(1)–(2).   Albeit in a non-precedential summary order, this Court has previously required an FMLA plaintiff plausibly to allege willfulness to obtain the benefit of this extended limitations period.   *Offor v. Mercy Med. Ctr.*, 676 F. App'x 51, 53–54 (2d Cir. 2017) (summary order).

155, 161 (E.D.N.Y. 2015) (holding that the "general averment of willfulness suffice[d]" for the three-year exception to apply), *with Watkins v. First Student, Inc.*, No. 17-CV-1519, 2018 WL 1135480, at *7–8 & n.12 (S.D.N.Y. Feb. 28, 2018) (holding that the willfulness exception did not apply because the plaintiff "failed to plead sufficient facts to render plausible the conclusion that [the defendant] acted willfully").

We respectfully disagree with the Tenth Circuit and hold that FLSA plaintiffs must plausibly allege willfulness to secure the benefit of the three-year exception at the pleadings stage.    At the start, in *Twombly* and *Iqbal*, the Supreme Court emphasized that claims must rest on well-pleaded *factual* allegations.    *See Iqbal*, 556 U.S. at 678–80.    *Twombly* and *Iqbal* accordingly suggest that courts undertake a "two-pronged approach" in evaluating motions to dismiss, under which they: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (2) determine whether the remaining "well-pleaded factual allegations," assumed to be true, "plausibly give rise to an entitlement to relief."    *Id.* at 679; *see also Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).    The working principle underlying the first step of this analysis is the notion that a court should not accept as true

10

allegations that amount to mere "legal conclusions," *Iqbal*, 556 U.S. at 678, including those concerning a defendant's state of mind, *id.* at 686–87; *see also Biro v. Conde Nast*, 807 F.3d 541, 544–45 (2d Cir. 2015).

Under this framework, a court need not accept as true a plaintiff's conclusory allegation that a defendant willfully violated the FLSA. Even prior to *Iqbal* and *Twombly*, FLSA plaintiffs bore some obligation to allege willfulness to obtain the benefit of the three-year exception at the pleadings stage—that is, where an FLSA complaint did not aver willfulness, the two-year limitations period applied by default.[4] *Cf. Frasier v. Gen. Elec. Co.*, 930 F.2d 1004, 1008 (2d Cir. 1991) (noting that upon amending her complaint on remand, the plaintiff would be required to "in good faith allege that [the defendant's] conduct was willful . . . to assert a viable claim with respect to conduct that occurred prior to" the two-year limitations period). In requiring FLSA plaintiffs to allege willfulness *plausibly*, we merely conform that obligation to the plausibility pleading regime. Whether a defendant has willfully violated the FLSA is a mixed question of law and fact on which the plaintiff carries the burden of proof. *See Herman v. RSR Sec. Servs. Ltd.*,

---

[4] The same was true of FMLA plaintiffs who sought to obtain the benefit of the FMLA's three-year limitations period for willful violations. *See Ricco v. Potter*, 377 F.3d 599, 602–03 (6th Cir. 2004), *abrogated by Crugher*, 761 F.3d at 617 n.9.

172 F.3d 132, 139, 141 (2d Cir. 1999). An averment of "willfulness" is thus *precisely* the sort of legal conclusion that *Twombly* and *Iqbal* counsel must be supported by factual allegations at the pleadings stage.

To be sure, as Whiteside notes, the question of willfulness under the FLSA is relevant to the statute-of-limitations affirmative defense and a plaintiff ordinarily need neither anticipate, nor plead facts to avoid, a defendant's affirmative defenses at the pleadings stage. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). But Whiteside's reliance on this general rule ignores the substantive distinction that Congress drew in the FLSA between claims for ordinary and willful violations.

The Supreme Court underscored this distinction in *McLaughlin v. Richland Shoe Co.*, in which it defined willfulness under the FLSA in part through an analysis of the history of the FLSA's limitations provision. 486 U.S. 128, 131–33 (1988). As the Court recounted, when Congress enacted the FLSA in 1938, it did not contain a limitations provision. *Id.* at 131. But in 1947, Congress enacted the Portal-to-Portal Act, which provided a two-year limitations period for all FLSA claims. *Id.* at 131–32. Almost two decades later, in 1965, the Secretary of Labor proposed replacing the two-year limitations period with a general three-year

12

limitations period. *Id.* at 132. Congress declined to adopt the proposal but "for reasons that are not explained in the legislative history," it enacted the three-year willfulness exception. *Id.*

Based on this history, the Court reasoned, "[t]he fact that Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a *significant distinction* between ordinary violations and willful violations" of the statute. *Id.* (emphasis added). Out of concern for "virtually obliterat[ing]" this distinction, the Court declined to adopt a standard for willfulness that would have required a plaintiff to show only "that an employer knew that the FLSA 'was in the picture.'" *Id.* at 132–33. Instead, it adopted a standard requiring a plaintiff to show "that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* at 133.

Bearing in mind the distinction the Supreme Court highlighted, willfulness operates as an independent element of claims for *willful* violation of the FLSA—a subset of FLSA claims pursuant to which an employer is subject to heightened liability.[5] In contrast to claims for willful violation of the FLSA, intent is relevant

---

[5] In this respect, we disagree with the Tenth Circuit's conclusion "that willfulness

to ordinary FLSA claims only to the extent that an employer can defeat an award of liquidated damages upon "establishing, by 'plain and substantial' evidence, subjective good faith and objective reasonableness." *Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 70–71 (2d Cir. 1997) (quoting *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991)). In extending the limitations period for an additional year based upon an employer's intent, claims for willful violation of the FLSA act as "a punitive measure" for employers who are more culpable than those who violate the statute only negligently. *Brock v. Richland Shoe Co.*, 799 F.2d 80, 84 (3d Cir. 1986), *aff'd*, *McLaughlin*, 486 U.S. 128. Ultimately, requiring FLSA plaintiffs plausibly to plead willfulness respects the distinction between ordinary FLSA claims and claims for willful violations and prevents blurring that distinction, which the *McLaughlin* Court cautioned against.

It also aligns an FLSA plaintiff's pleading burden with her burdens of proof on summary judgment and at trial, avoiding "the unusual circumstance[]" in which "the burdens of pleading and persuasion are not on the same party." *Fernandez*, 883 F.3d at 1299. Of course, an FLSA defendant bears the usual burden

---

is not relevant to the elements of [a plaintiff's] claims but only to the statute-of-limitations defense." *Fernandez*, 883 F.3d at 1298.

of proving its statute-of-limitations defense at trial by showing that the plaintiff's claim is out of time.   But as noted above, the plaintiff, not the defendant, "bears the burden of proof" as to the question of willfulness, *Herman*, 172 F.3d at 141—*i.e.*, as to whether the two-year or three-year limitations period will apply.   This question is therefore distinguishable from those typically attendant to our evaluation of a defendant's affirmative defense at the pleadings stage.[6]

Moreover, the plausibility requirement we acknowledge here accords with decisions in which we have required plaintiffs to plead the elements of certain exceptions to the statute of limitations.   The FLSA's three-year limitations period for willful violations is the exception, not the rule.   *See* 29 U.S.C. § 255(a) (providing that the limitations period for FLSA claims is two years "*except* that a cause of action arising out of a willful violation" is subject to a three-year limitations period (emphasis added)); *McLaughlin*, 486 U.S. at 129, 132, 135 (characterizing the three-year limitations period as an "exception").   We have previously required plaintiffs relying "on a theory of equitable estoppel to save a

---

[6] By contrast, for example, an FLSA plaintiff need not allege any facts at the pleadings stage to support the position that she is a non-exempt employee under the statute because "a claim of exemption under the FLSA is an affirmative defense, on which the employer bears the burden of proof."   *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 n.7 (2d Cir. 2013) (internal quotation marks and citation omitted).

15

claim that otherwise appears untimely on its face . . . [to] specifically plead facts that make entitlement to estoppel plausible (not merely possible)." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015). When a plaintiff relies on a theory of willfulness to save an FLSA claim that otherwise appears untimely on its face, it should similarly be incumbent on the plaintiff to plead facts that make entitlement to the willfulness exception plausible.

Last, to the extent that Whiteside argues that Rule 9(b) allows him to plead willfulness, without more, to obtain the benefit of the three-year limitations period, he is mistaken. Rule 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). In *Iqbal*, the Supreme Court explained that "'generally' is a relative term . . . [that] is to be compared to the particularity requirement applicable to fraud or mistake" and that Rule 9(b) "does not give [a party] license to evade the less rigid—though still operative—strictures of Rule 8." 556 U.S. at 686–87. We have since affirmed that "Rule 8's plausibility standard applies to pleading intent." *Biro*, 807 F.3d at 544–45 (2d Cir. 2015).

For these reasons, we hold that the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year

exception at the pleadings stage.    Rather, a plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA for that exception to apply.    We decline to adopt a rule that would allow a claim that a "complaint clearly shows [to be] out of time," *Harris*, 186 F.3d at 250, to proceed through discovery upon the insertion of a single legal conclusion—indeed, a single word—into a complaint.

## II

Having determined that an FLSA plaintiff must plausibly allege willfulness to secure the benefit of the three-year limitations period, we next consider whether Whiteside met that burden here.    We conclude that the TAC fails to allege facts that give rise to a plausible inference that Whiteside's employer willfully violated the FLSA.    Accordingly, the district court did not err in dismissing this complaint pursuant to Rule 12(b)(6).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.    For a plaintiff to nudge her claim "'across the line from conceivable to plausible,' [she] must 'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged, 'even

if it strikes a savvy judge that actual proof of those facts is improbable.'" *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018) (quoting *Twombly*, 550 U.S. at 570, 556). However, "[w]here a plaintiff pleads facts that are 'merely consistent with' a defendant's liability, [her complaint] 'stops short of the line between possibility and plausibility,'" and she fails to demonstrate an entitlement to relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"An employer willfully violates the FLSA when it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the Act." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (quoting *McLaughlin*, 486 U.S. at 133). "Mere negligence is insufficient." *Id.* That is, "if an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful." *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995) (internal quotation marks and alterations omitted) (quoting *McLaughlin*, 486 U.S. at 135 n.13).

Here, Whiteside asks this Court to infer willfulness from the mere fact that he was asked for a period of time to perform job responsibilities typically performed by non-exempt employees even though he was classified as exempt. Whiteside does not allege that Defendants adjusted his salary to reflect that of a

non-exempt employee.[7]   Nor, as the district court noted, does he allege that he ever complained about the situation to his managers.   Similarly, Whiteside fails to allege any details about who asked him to change roles or whether that manager, or any other manager, said anything to him suggesting an awareness of impropriety—details that would have plainly been within his knowledge and that he could have included in any of his four complaints.   *Cf. Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014) (finding that summary judgment was proper as to the question of willfulness under the FLSA because the plaintiff "failed to adduce any evidence regarding how the misclassification occurred"). Indeed, Whiteside fails to allege that his managers acted in *any* manner suggesting an awareness that their actions violated or could violate the FLSA.

Overall, these allegations do not permit a plausible inference that Defendants *willfully* violated the statute—whether by actual knowledge or, as the dissent suggests, by reckless disregard.[8]   On the contrary, they permit at most an

---

[7]  Notably, the TAC does not detail Whiteside's salary as an exempt Quality Engineer, and it does not indicate whether Whiteside's salary exceeded that of a non-exempt Repair Organization Technician working forty-five to fifty hours per week.

[8]  Of course, as the dissent notes, a plaintiff may plead willfulness on the theory that the employer recklessly disregarded whether its conduct was prohibited by the FLSA, even where the employer "may not have had actual knowledge of the violative practices."   Dissent at 2 (quoting *Herman*, 172 F.3d at 141).   But as we note above,

19

inference that Defendants negligently failed to reclassify Whiteside as a non-exempt employee which, without more, is insufficient. In other words, Whiteside fails to "raise a reasonable expectation that discovery will reveal evidence of" Defendants' willfulness. *Citizens United*, 882 F.3d at 380 (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 570, 556). Rather, he "pleads facts that are merely consistent" with Defendants' purported willfulness, and his claim "stops short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).[9]

---

Whiteside simply fails to allege facts that in our view give rise to a plausible inference of reckless disregard. *Cf. Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363, 366 (2d Cir. 2011) (holding that the question of willfulness was properly left for trial where one of the plaintiff's supervisors "conveyed to him that he was not to record overtime no matter how many hours he actually worked"); *Herman*, 172 F.3d at 141–42 (holding that an employer willfully violated the FLSA when he had "extensive knowledge" of the FLSA's requirements, knew of previous violations, and relied on assurances by corporate decisionmakers despite their prior illegal activities).

[9] The dissent suggests that we fault Whiteside for "failing to allege statements or actions by defendants that *directly* demonstrate an awareness of their obligation to pay Whiteside overtime." Dissent at 4 (emphasis in original). We agree with the dissent that an FLSA plaintiff may offer circumstantial allegations sufficient to permit a plausible inference of willfulness at the pleadings stage. After all, as the dissent notes, the question of willfulness may very well "turn on factors which a plaintiff cannot reasonably be expected to know." *Gomez v. Toledo*, 446 U.S. 635, 641 (1980). In our view, however, the circumstantial allegations that Whiteside offers here are insufficient, without more, to nudge his claim "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570.

Consequently, the FLSA's general two-year statute of limitations governs the timeliness of Whiteside's claim. The TAC alleges that Defendants violated the FLSA only through January 26, 2016, when Whiteside resumed work as a Quality Engineer. The two-year statute of limitations thus expired on January 26, 2018. But Whiteside did not commence this action until almost another year later, on January 8, 2019. As a result, the TAC itself demonstrates that Whiteside commenced this action well after the two-year limitations period expired. Accordingly, the district court properly dismissed Whiteside's FLSA claim.

### III

Because the district court properly dismissed Whiteside's FLSA claim—and Whiteside does not challenge the district court's treatment of his ADA claim—the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over his remaining state law claims. *See Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

## CONCLUSION

In sum, we conclude that an FLSA plaintiff must plausibly allege willfulness to secure the benefit of the three-year limitations period for willful violations of the FLSA at the pleadings stage and that Whiteside failed to do so here. Consequently, the district court properly dismissed this action pursuant to the FLSA's general two-year statute of limitations. For the foregoing reasons, we AFFIRM the judgement of the district court.